IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| ROJEAN HART, JR. § | |
| VS. § | CIVIL ACTION NO. 1:06cv584 |
| UNIDENTIFIED OFFICER, ET AL. § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Plaintiff Rojean Hart, Jr., an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 (b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrates.

<u>Analysis</u>

Plaintiff states he is attempting to re-file civil action number 6:06cv30, styled *Hart v. Unidentified Officer* (E.D. Tex. April 26, 2006). Civil action number 6:06cv30 involved actions allegedly taken by employees of the Michael Unit, located in Tennessee Colony, Texas.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

The Michael Unit is located in Anderson County, Texas. The claims which form the basis of plaintiff's complaint occurred at the Michael Unit. As the events of which plaintiff complains took place at the Michael Unit, his claims arose in Anderson County. In addition, the defendants reside in Anderson County. Pursuant to 28 U.S.C. § 124(c)(1), Anderson County is located in the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

However, while Anderson County is in the Eastern District of Texas, it is in the Tyler Division of such district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

Accordingly, this case should be transferred to the Tyler Division of this court. A Transfer Order shall be entered in

accordance with this Memorandum Opinion.

**SIGNED** this  12  day of        October        , 2006.

> KEITH F. GIBLIN
> UNITED STATES MAGISTRATE JUDGE